(July 31, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUND J. ROY, Appellant.—Yesawich, Jr., J. Appeals (1) from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 1, 1983, convicting defendant upon his plea of guilty of the crime of burglary in the third degree, and (2) by permission, from an order of said court, entered September 27, 1984, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

On June 24, 1983, following negotiations had between defendant's assigned counsel and the District Attorney's office, defendant, who had previously entered a not guilty plea to a charge of burglary in the third degree, waived presentation of the charge to a Grand Jury and consented to proceed by a superior court information. Then at his arraignment, as agreed, defendant, a predicate felon, pleaded guilty to burglary in the third degree and sentencing was adjourned to allow defendant to attend an alcohol-substance abuse rehabilitation program. It was defense counsel's understanding, con-

veyed to defendant before the latter elected to plead guilty, that if defendant successfully completed such a program, he would be permitted to withdraw his plea and the prosecutor would move to dismiss the superior court information. The assumption underlying counsel's belief was that he had placed the terms of the plea bargain, as he believed it existed, on the record; unfortunately, no such bargain is reflected in the record.

Defendant successfully completed a program at the Dick Van Dyke clinic in early August 1983. At sentencing the following month, he asserted that he had fulfilled his part of the plea bargain and, therefore, the charge should be dismissed. County Court was of the view that the plea bargain contemplated "[t]hat the sentence, if any, would be less than it would have been had you not gone to the program". Defendant had, however, been involved in a fight with another jail inmate while waiting to gain entry to the rehabilitation clinic and had been arrested on at least one misdemeanor charge shortly after leaving the clinic. These events, coupled with defendant's lengthy criminal history, moved the court to follow the People's recommendation by sentencing him to a prison term of 3 to 6 years.

Defendant has appealed that judgment to this court. He also made a CPL 440.10 motion to vacate the judgment on alternative grounds: that the sentence imposed violated the plea bargain and that he had not received effective assistance of counsel. Following a hearing on the CPL 440.10 motion, County Court rejected both contentions. Permission to appeal denial of the CPL 440.10 motion was granted.

We find merit in the claim that defendant was denied effective assistance of defense counsel at the plea and sentencing hearings and, accordingly, vacate the conviction and remit for a new trial. At the CPL 440.10 hearing, the attorney who had appeared with defendant at the plea and sentencing proceedings testified that he understood from the in camera plea negotiations that the burglary charge against defendant would be dismissed on the latter's fulfillment of a single condition: successful completion of an alcohol-substance abuse rehabilitation program. Moreover, that was the crux of the bargain he communicated to defendant. Counsel's perception of the agreement reached was dramatically different from the manner in which County Court and the prosecutor perceived it, and, regrettably, counsel failed to place his understanding of the bargain on the record when defendant entered his plea. Given the pivotal importance of placing a plea bargain pre-

cisely on the record *(see, People v Selikoff,* 35 NY2d 227, 242, *cert denied* 419 US 1122) and the failure of counsel to inform defendant that he was therefore not entitled to specific performance of the plea agreement, but that he still had available the option of withdrawing his plea, we are of the view that meaningful legal representation at a crucial stage of these proceedings was not furnished *(see, People v Baldi,* 54 NY2d 137, 147).

Judgment and order reversed, on the law, guilty plea vacated and matter remitted to the County Court of Broome County for further proceedings not inconsistent herewith. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.